SIEBENALER et al., Appellants,

v.

VILLAGE OF MONTPELIER et al., Appellees.

[Cite as *Siebenaler v. Montpelier* (1996), 113 Ohio App.3d 120.]

Court of Appeals of Ohio,
Sixth District, Williams County.

No. WM–95–035.

Decided July 26, 1996.

*Steven P. Collier* and *Sarah Steele Riordan,* for appellants.

*Joan C. Szuberla* and *Byron S. Choka,* for appellees.

SHERCK, Judge.

This appeal comes to us from the Williams County Court of Common Pleas. The common pleas court granted summary judgment to the village of Montpelier in a negligence suit. Because we conclude that the trial court properly determined that the village was statutorily immune from such a suit, we affirm.

In July 1994, appellant Cynthia S. Siebenaler enrolled her five-and-one-half-year-old son, Adam, in a swimming class offered at the municipal swimming pool operated by appellees, village of Montpelier and its park board. The course was conducted by pool lifeguards, at least one of whom was a certified swimming instructor.

At the conclusion of the first lesson, Adam asked the instructor for permission to use the high diving board. The instructor acceded to Adam's request and stationed herself in the water below the board. Adam's first dive was uneventful. As he began to climb the ladder for his second dive, Adam turned to talk to his

sister, lost his footing and fell to the deck surrounding the pool. Adam struck his head and was injured.

Cynthia Siebenaler and her husband Douglas Siebenaler brought suit individually and as Adam's natural guardians. They alleged that appellees' negligence was the cause of Adam's injuries.

Following discovery, appellees moved for summary judgment claiming political subdivision immunity by virtue of R.C. Chapter 2744. Appellants responded to appellees' motion arguing that statutory immunity was not applicable in this case because swimming classes are a proprietary function exempt from the protection of the statute. Alternatively, appellants argued that R.C. Chapter 2744 is unconstitutional.

In their appeal, appellants set forth the following three assignments of error:

"I.   Appellees are not immune from liability for negligence of its employees in connection with swimming lessons offered by the municipality for a fee, because they were engaged in a proprietary function.

"II.   Even assuming that swimming lessons are properly classified as a governmental function, the public grounds exception to sovereign immunity applies.

"III.   R.C. Section 2744.01(C)(2)(u) violates the open courts provision of Section 16, Article I of the Ohio Constitution."

" * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor." Civ.R. 56(C).

When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273–274. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v.*

*Montgomery* (1984), 11 Ohio St.3d 75, 79, 11 OBR 319, 322–323, 463 N.E.2d 1246, 1249–1250.

In this case, there exist no genuine issues of material fact. The principal issue is whether the political subdivision immunity statutes shield appellees from this suit, entitling them to judgment as a matter of law.

## I

We first address the constitutionality of R.C. 2744.01 *et seq.*, which appellants raise in their third assignment of error. Appellants' arguments have been considered and rejected by the Supreme Court of Ohio in *Fahnbulleh v. Strahan* (1995), 73 Ohio St.3d 666, 653 N.E.2d 1186.

Accordingly, appellants' third assignment of error is found not well taken.

## II

In their first assignment of error, appellants assert that appellees are not entitled to claim immunity in this case because the activity of providing swimming lessons is a proprietary function.

R.C. Chapter 2744 divides the activities of government into two categories: governmental functions and proprietary functions. Governmental functions are those activities which promote or preserve "the public peace, health, safety, or welfare; that involve[ ] activities that are not engaged in or not customarily engaged in by nongovernmental persons." R.C. 2744.01(C)(1)(c). Propriety functions are those "activities that are customarily engaged in by nongovernmental persons." R.C. 2744.01(G)(1)(b). R.C. 2744.01 provides a nonexclusive list of activities specifically deemed to be within the purview of each function. This chapter further provides that political subdivisions are immune from tort liability but "are liable for injury, death or loss to persons or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." R.C. 2744.02(B)(2). Included in the list of statutorily enumerated functions specifically designated as "governmental" is the "repair, maintenance and operation of any park * * * or swimming pool." R.C. 2744.01(C)(2)(u).

As we noted in *Garrett v. Sandusky* (Feb. 14, 1992), Erie App. No. E–91–5, unreported, 1992 WL 25761, affirmed (1994), 68 Ohio St.3d 139, 624 N.E.2d 704:

"The history of how a swimming pool came to be included within the scope of a governmental function is germane to our analysis. In 1982 the Ohio Supreme Court abrogated the judicial doctrine of sovereign immunity for municipalities. *Haverlack v. Portage Homes, Inc.* (1982), 2 Ohio St.3d 26 [2 OBR 572, 442 N.E.2d 749]. In 1985, the legislature responded by enacting the Political Subdivision

Tort Liability Act. 1985 Am. Sub. HB 176; see, also, Comment, the Ohio Political Subdivision Tort Liability Act: A Legislative Response to the Judicial Abolishment of Sovereign Immunity (1986), 55 Cincinnati Law Review 501. As originally enacted, the legislation classified the operation of a municipal 'park, playground, playfield, zoo, zoological park, bath, in-door recreational facility, or swimming pool or pond * * *,' as a proprietary function. Former R.C. 2744.01(G)(1)(b) (effective 11-20-85). As proprietary functions the municipality could be held liable for its negligence when operating these facilities.

"Municipalities found the cost of purchasing liability insurance for recreational facilities onerous. Many claimed an inability to pay premiums and threatened to close municipal parks and pools rather than subject themselves to potentially large damage awards. The Ohio legislature responded by enacting 1987 Am.Sub. HB 295. HB 295 amended R.C. 2744.01 by reclassifying, *inter alia*, parks, playgrounds and swimming pools as immune governmental functions. See R.C. 2744.01(C)(2)[t] (effective 6-10-87). HB 295 was passed as an emergency measure and went into effect on the same date it was signed by the governor, June 10, 1987 * * *."

In *Garrett* we held, and the Supreme Court affirmed, that a "wave machine" added to a swimming pool was sufficiently different from the type of facility envisioned by the legislature when it enacted the immunity statutes to take the facility out of the statutes. We cannot say the same of the function of providing swimming lessons. This activity, irrespective of whether a fee is charged, is exactly the kind of function the legislature sought to shield from claims. Therefore, we hold that providing swimming lessons is part of the operation of a municipal swimming pool and, therefore, is categorized as a governmental function entitled to political subdivision tort immunity as provided in R.C. Chapter 2744.

Accordingly, appellants' first assignment of error is found not well taken.

### III

■ In their second assignment of error, appellants contend that even if swimming lessons are considered a governmental function, they should nonetheless be excepted from immunity by R.C. 2744.02(B)(3), which makes political subdivisions liable for injuries caused by the subdivision's failure to keep "public grounds * * * in repair and free of nuisance."

■ Appellees set forth several arguments in response to this assignment. However, in analyzing this issue we look initially to whether appellants, who bore the burden of putting forth evidence that appellees' diving board ladder was poorly maintained or a nuisance, met that burden. The only evidence on this

issue is the deposition testimony of the swimming instructor, who stated that the ladder steps were treated to prevent slipping, and appellants' submission of evidence that four times during the past five years others had slipped on the steps. While prior accidents may go to the issue of foreseeability necessary to impose a duty, they do not in themselves establish any breach of that duty. Appellants failed to present any evidence of a breach of duty, an essential element of negligence for which they bore the burden of proof. See *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265, 269–270. Therefore, appellees were entitled to summary judgment as a matter of law on this issue. *Dresher v. Burt, supra,* 75 Ohio St.3d 280, 662 N.E.2d 264.

Accordingly, appellants' second assignment of error is found not well taken.

On consideration whereof, the court finds substantial justice has been done the parties complaining, and the judgment of the Williams County Court of Common Pleas is affirmed. It is ordered that appellants pay court costs of this appeal.

*Judgment affirmed.*

HANDWORK and ABOOD, JJ., concur.