OPINION
{¶ 1} Robert and Evelyn Hahn ("plaintiffs'), appeal from a judgment of the Franklin County Court of Common Pleas denying their motion for summary judgment and granting the cross-motion for summary judgment of defendant-appellee, Village of Groveport. Because the trial court correctly determined defendant was immune from liability for the negligent supervision claim alleged in plaintiffs' complaint, we affirm. *Page 2 
 {¶ 2} Ashley was employed by defendant as a swimming pool lifeguard at the Groveport Aquatic Center. On August 19, 2005, defendant sponsored an after-hours "stay and play" at the swimming pool for the lifeguards in order to "increase employee morale," "build camaraderie," "reward" them for the summer's work, and "fire up" the lifeguards for the remainder of the season, which lasted through Labor Day. (Deposition of Groveport Parks and Recreation Director Kyle Lund, at 10-11.) The "stay and play" was open only to the lifeguards; it was closed to the general public. The lifeguards were not required to attend the "stay and play"; those who chose to attend were not paid to do so and did not act in their official capacities as lifeguards.
 {¶ 3} Defendant paid Joellen Zelachowski, manager of the Aquatics Center, to supervise the "stay and play." At some point during the event, she left the lifeguards unattended for approximately 30 minutes to tend to an alarm in the pump room. In Zelachowski's absence, Ashley and the other lifeguards formed a human "chain" at the top of the speed slide and slid down as a group. The "chain" eventually separated, and the lifeguards situated above Ashley crashed into her at the bottom of the slide. As a result, Ashley sustained a spinal cord injury rendering her permanently paralyzed from the armpits down. Following an internal investigation, defendant suspended Zelachowski for ten days without pay due to her failure to adequately supervise the lifeguards.
 {¶ 4} On November 21, 2005, plaintiffs filed a complaint against defendant alleging its employees were negligent in failing to properly supervise the "stay and play." Plaintiffs also asserted a constitutional challenge to R.C. 4123.74 and "any monetary cap that applies to this action." *Page 3 
 {¶ 5} In its answer to the complaint, defendant denied the pertinent allegations and raised, inter alia, the affirmative defenses of political subdivision immunity under R.C. Chapter 2744 and workers' compensation immunity under R.C. 4123.74.
 {¶ 6} Plaintiffs filed a motion for summary judgment contending the immunity afforded political subdivisions under R.C. Chapter 2744 was not applicable for two reasons: 1) use of the pool for the "stay and play" was not a "governmental function"; and 2) Ashley's injury arose out of her employment relationship with defendant pursuant to R.C. 2744.09(B). Plaintiffs also claimed defendant was not entitled to workers' compensation immunity under R.C. 4123.74 because Ashley was not acting in the course and scope of her employment at the time she was injured. Plaintiffs further argued that even if the immunity provided to employers under R.C. 4123.74 applied, an exception for tort liability attached by virtue of the dual-capacity doctrine.
 {¶ 7} Defendant filed a memorandum contra and a cross-motion for summary judgment contending it was entitled to political subdivision immunity under R.C. Chapter 2744.02(A)(1) and workers' compensation immunity under R.C. 4123.74. Defendant further argued the dual-capacity doctrine was not available to overcome its immunity under R.C. 4123.74.
 {¶ 8} After considering the summary judgment motions, the trial court found that defendant's use of the swimming pool for the "stay and play" was a governmental function as defined in R.C. 2744.01 and that R.C.2744.09(B) did not apply to the case; accordingly, the trial court concluded defendant was immune from liability pursuant to R.C. 2744.02. Having so found, the court expressly declined to address the issue of workers' compensation immunity under R.C. 4123.74. As a result, the trial court denied *Page 4 
plaintiffs' summary judgment motion and granted defendant's cross-motion for summary judgment.
 {¶ 9} Plaintiffs timely appeal, assigning three errors:
 1. The trial court erred in granting defendant-appellee's motion for summary judgment on the issue of political subdivision immunity under R.C. 2744.
 2. The trial court erred in failing to rule on either party's motion for summary judgment on the issue of workers' compensation immunity under R.C. 4123.74.
 3. The trial court erred in refusing plaintiff-appellants' request to conduct discovery depositions of individuals who had knowledge of the facts relevant to the legal issues raised in the motions for summary judgment.
 {¶ 10} Plaintiffs' first and second assignments of error are interrelated and will be considered jointly. Plaintiffs contend the trial court erred in granting defendant's cross-motion for summary judgment. More particularly, plaintiffs maintain the trial court erred in determining they are precluded, as a matter of law, from instituting a civil action against defendant.
 {¶ 11} Appellate review of summary judgment motions is de novo.Helton v. Scioto Cty. Bd. Of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the *Page 5 
party against whom the motion for summary judgment was made. State exrel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
{¶ l2} The Political Subdivision Tort Liability Act, codified in R.C. Chapter 2744, absolves political subdivisions of tort liability, subject to certain exceptions. See Cater v. Cleveland (1998), 83 Ohio St.3d 24,28; Franks v. Lopez (1994), 69 Ohio St.3d 345, 347. Whether a political subdivision is immune from liability is purely a question of law properly determined by a court prior to trial and preferably on a motion for summary judgment. Summerville v. Columbus, Franklin App. No. 04AP-1288, 2005-Ohio-5158, at ¶ 12, citing Conley v. Shearer (1992),64 Ohio St.3d 284, 292, citing Roe v. Hamilton Cty. Dept. of HumanServ. (1988), 53 Ohio App.3d 120, 126.
 {¶ 13} "The process of determining whether a political subdivision is immune from liability involves a three-tiered analysis." Elston v.Howland Local Schools, 113 Ohio St.3d 314, 2007-Ohio-2070, at ¶ 10. The first tier provides a general grant of immunity, stating that "`a political subdivision is not liable in damages in a civil action for injury to persons allegedly caused by "any act or omission of the political subdivision or any employee of the political subdivision in connection with a governmental or proprietary function.' R.C. 2744.02(A)(1)." Id. at ¶ 11. The second tier centers on the exceptions to immunity outlined in R.C. 2744.02(B). Id. Finally, in the third tier, immunity may be reinstated if a political subdivision can successfully allege one of the defenses to liability delineated in R.C. 2744.03. Id. at ¶ 12.
 {¶ 14} There is no dispute that defendant is a political subdivision as defined in R.C. 2744.01(F) and that Zelachowski acted within the scope of her employment with defendant in supervising the "stay and play" pursuant to R.C. 2744.01(B). Plaintiffs, *Page 6 
however, contend that defendant's use of the swimming pool for the "stay and play" was not a governmental function subject to the R.C.2744.02(A)(1) general grant of immunity.
{¶ l5} R.C. Chapter 2744 separates government activities into two categories: governmental functions and proprietary functions. Governmental functions include those specified in R.C. 2744.01(C)(2). Plaintiffs acknowledge that included in that list is the operation of "* * * [a] swimming pool." R.C. 2744.01(C)(2)(u)(iv). Plaintiffs contend, however, the "stay and play" falls outside the scope of "operation" because it was an after-hours, private party that was not open to the public. Plaintiffs maintain that because R.C. 2744.01(C)(2)(u)(iv) does not include the words "use," "control" or "supervision" and R.C. 2744.01
does not define the term "operation," courts must "define `operation' in the context of the factual scenarios that arise." (Plaintiffs' brief at 10.) Plaintiffs argue that under the facts of this case, defendant's "use" of the swimming pool for the "stay and play" was not a governmental function subject to protection of the statute.
 {¶ 16} Plaintiffs correctly assert the term "operation" is not defined in R.C. Chapter 2744; accordingly, it must be given its plain and ordinary meaning unless the legislative intent indicates otherwise.Doe v. Marlington Local School Dist, Stark App. No. 2006CA00102,2007-Ohio-2815, at ¶ 19. The verb "operate" means "to manage or use." Webster's Encyclopedic Unabridged Dictionary (1996) 1009. Accordingly, since the verbs "operate" and "use" are synonymous, defendant's "use" of the swimming pool for the event constitutes "operation" of a swimming pool and is thus a "governmental function" pursuant to R.C.2744.01(C)(2)(u)(iv).
{¶ l7} Moreover, Ohio courts have broadly defined the term "operation" in considering immunity issues related to swimming pools. For example, in Siebanaler v. *Page 7 Village of Montpelier (1996), 113 Ohio App.3d 120, the court determined the "operation" of a swimming pool included providing swimming lessons. The court stated that swimming lessons, "irrespective of whether a fee is charged or not, is exactly the kind of function the legislature sought to shield from claims. Therefore, we hold that providing swimming lessons is part of the operation of a municipal swimming pool, and, therefore, is categorized as a governmental function entitled to political subdivision tort immunity as provided in R.C. Chapter 2744." Id. at 124.
 {¶ 18} In Summerville, supra, a municipal pool patron sustained a laceration on his foot after he stepped on broken glass in the pool deck area. The patron alleged the city was negligent in failing to keep the pool deck area free of foreign objects and glass and in failing to warn pool patrons of the broken glass. In affirming the city's immunity under R.C. 2744, this court specifically found the claims to be rooted in the city's governmental functions.
 {¶ 19} As Siebenaler and Summerville instruct, the "operation" of a swimming pool includes many activities. As noted by the trial court, plaintiffs' focus on the private aspect of the "stay and play" is "simply not persuasive." (Dec. 19, 2006 Decision and Entry, 3.) Plaintiffs' cause of action is based upon Zelachowski's alleged negligent supervision of the lifeguards using the swimming pool during the after-hours event. Whether Ashley was using the swimming pool as a public patron or an employee-turned-after-hours guest does not transform defendant's conduct from a governmental function to a proprietary function.
 {¶ 20} Accordingly, we find defendant's use of the swimming pool for the private, after-hours "stay and play" to be part of the operation of the swimming pool and, *Page 8 
therefore, a governmental function entitled to the general grant of immunity set forth in R.C. 2744.02(A)(1).
 {¶ 21} Having so determined, the next step in the immunity analysis is to determine whether any of the R.C. 2744.02(B) exceptions to the general grant of immunity apply. Elston, supra, at ¶ 11. Plaintiffs have not asserted, either at the trial court level or on appeal, that any of those exceptions apply; accordingly, we need not address the R.C.2744.02(B) exceptions or the R.C. 2744.03 defenses.
 {¶ 22} Plaintiffs, however, do contend defendant is not entitled to political subdivision immunity pursuant to R.C. 2744.09, which provides, in relevant part:
 This chapter does not apply to, and shall not be construed to apply to, the following:
 (B) Civil actions by an employee, or the collective bargaining representative of an employee, against his political subdivision relative to any matter that arises out of the employment relationship between the employee and the political subdivision[.]
 {¶ 23} Plaintiffs contend the general grant of political subdivision immunity provided by R.C. 2744.02(A)(1) does not apply to their claim for negligent supervision because their claim relates to matters arising out of Ashley's employment relationship with defendant. Plaintiffs rely on the following facts in support of their contention: (1) the "stay and play" was planned and sponsored by defendant for employees only and was not open to the public; (2) the purpose of the "stay and play" was to increase employee morale, build camaraderie, and serve as a reward; (3) Zelachowski was acting in the course and scope of employment with defendant and was paid to supervise the event; *Page 9 
(4) but for Ashley's employment, she would not have attended the event; and (5) defendant investigated the incident and thereafter disciplined Zelachowski and several of the lifeguards. Defendant counters that plaintiffs' claim does not relate to any matter that arises out of Ashley's employment relationship with defendant; accordingly, R.C.2744.09(B) does not apply and defendant is entitled to the general grant of immunity afforded political subdivisions pursuant to R.C.2744.02(A)(1).
 {¶ 24} We need not decide whether or not plaintiffs' tort claim for negligent supervision relates to any matter arising out of Ashley's employment relationship with defendant, as defendant is immune from liability under either R.C. 2744.02 or R.C. 4123.74. On the one hand, if Ashley's injury does not arise out of her employment, R.C. 2744.09(B) is not available to remove plaintiffs' claim from the general grant of immunity afforded defendant as a political subdivision pursuant to R.C.2744.02(A)(1). On the other hand, if Ashley's injury does arise out of her employment, defendant is immune from tort liability pursuant to R.C.4123.74, which provides, in pertinent part, "[e]mployers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law * * * for any injury * * * received * * * by any employee in the course of or arising out of employment * * * occurring during the period covered by such premium so paid into the state insurance fund * * *"
 {¶ 25} "Cases construing R.C. 4123.74 have held that this statute provides to employers immunity from liability to employees so long as the employer was in full compliance with the workers' compensation statutes at the time of the accident." Maynard v. H.A.M. Landscaping,Inc., Cuyahoga App. No. 86191, 2006-Ohio-1724, at ¶ 17, citingCatalano v. Lorain, 161 Ohio App.3d 841, 2005-Ohio-3298. Here, it is *Page 10 
undisputed defendant was current on its workers' compensation premiums at the time of Ashley's accident. (Affidavit of Groveport Village Administrator Jon Crusey, at ¶ 3.)
 {¶ 26} Further, "[t]he requirements for immunity are set forth in the disjunctive. Accordingly, a complying employer has immunity when either aspect of the statute is satisfied. * * * Employer immunity is therefore provided when the injury occurs `in the course of employment or when the injury `arises out of employment." Maynard, supra, at ¶ 20. Accordingly, if Ashley's injuries arose out of her employment, defendant is immune from tort liability pursuant to R.C. 4123.74.
 {¶ 27} Finally, plaintiffs' assertion of the dual-capacity doctrine does not aid their cause. "One exception to the immunity provided to employers under R.C. 4123.74 is that tort liability may attach if the employer was acting in a dual capacity with respect to the injured employee." Catalano, supra, at ¶ 14." * * * [i]n order for the dual-capacity doctrine to apply, there must be an allegation and showing that the employer occupied two independent and unrelated relationships with the employee, that at the time of these roles of the employer there were occasioned two different obligations to this employee, and that the employer had during such time assumed a role other than that of employer." Bakonyi v. Ralston Purina Co. (1985), 17 Ohio St.3d 154, 157, quoting Freese v. Consolidated Rail Corp. (1983), 4 Ohio St.3d 5, 12. Here, plaintiffs assert that at the time of Ashley's injury, defendant was not acting as Ashley's employer, but, rather, as "party host." (Plaintiffs' motion for summary judgment, at 9.) Assuming arguendo plaintiffs' assertion is correct, defendant would be immune from liability pursuant to the general grant of immunity afforded political subdivisions in R.C. 2744.02(A)(1) and plaintiffs would be foreclosed from arguing that defendant is not entitled to such immunity pursuant to *Page 11 
R.C. 2744.09(B), as that statute, by its terms, exempts political subdivisions from tort liability only for matters arising out of the employment relationship between the employee and the political subdivision.
 {¶ 28} Accordingly, we conclude that plaintiffs are, as a matter of law, precluded by either R.C. 2744.02 or 4123.74 from instituting a civil action against defendant. Therefore, the trial court did not err in granting summary judgment in favor of defendant. The first and second assignments of error are overruled.
 {¶ 29} By the third assignment of error, plaintiffs contend the trial court erred in denying their request to depose the other lifeguards who attended the "stay and play" prior to ruling on the summary judgment motions.
 {¶ 30} Civ.R. 56(F) provides a means by which a party may seek a continuance on a motion for summary judgment in order to obtain affidavits opposing the motion or conduct discovery relevant to it.Gates Mills Invest. Co. v. Pepper Pike (1978), 59 Ohio App.2d 155, 168. Civ.R. 56(F) requires the party opposing the motion for summary judgment to submit affidavits with sufficient reasons stating why it cannot present by affidavit facts essential to justify its opposition. Id. at 169. Mere allegations requesting a continuance for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment. Id. The party must present a particularized factual basis indicating why further discovery is necessary to respond to the legal issues upon which the motion for summary judgment is predicated. Id.
 {¶ 31} The burden is on the party seeking to defer the court's action on a motion for summary judgment to demonstrate that a continuance is warranted. Glimcher v. *Page 12 Reinhorn (1991), 68 Ohio App.3d 131, 138. Once that party satisfies its burden, the trial court may refuse the summary judgment motion, order a continuance to permit affidavits to be obtained in opposition to the summary judgment motion, grant a continuance for further discovery, or make such other order as is just. Gates Mills, supra, at 169. These alternatives are discretionary, not mandatory. Id. Further, "`[w]here discovery proceedings would not, if allowed to proceed, aid in the establishment or negation of facts relating to the issues to be resolved, it is not an abuse of discretion for a court to grant a motion for summary judgment before such proceedings are completed.'"Glimcher, supra, at 138, quoting Ball v. Hilton Hotels (1972),32 Ohio App.2d 293, syllabus.
 {¶ 32} After the parties filed their initial pleadings, the trial court held a status conference on the immunity issue. Following that status conference, the trial court set a deadline for the filing of dispositive motions on the immunity issue. Several weeks prior to the deadline, plaintiffs, after deposing only Village Administrator Jon Crusey, filed their motion for summary judgment. Defendant thereafter filed its combined memorandum contra and cross-motion for summary judgment. Without conducting any further discovery, plaintiffs filed a combined memorandum contra summary judgment and reply in support of their own summary judgment motion. Defendant filed a reply in support of its cross-motion for summary judgment.
 {¶ 33} Thereafter, plaintiffs moved, pursuant to Civ.R. 56(F), to continue the summary judgment proceedings in order to depose Zelachowski, Lund, and the other lifeguards who attended the "stay and play." Defendant filed a motion to stay discovery and a memorandum contra plaintiffs' Civ.R. 56(F) motion. In both filings, defendant *Page 13 
maintained that further discovery was unnecessary because there were no genuine issues of material fact in dispute relating to the purely legal issue of defendant's immunity.
 {¶ 34} Following a status conference, the trial court issued an order permitting plaintiffs to depose Lund and Zelachowski and set forth a schedule for supplemental summary judgment briefing. Plaintiffs' counsel deposed Lund and Zelachowski. Thereafter, plaintiffs filed a second Civ.R. 56(F) motion seeking to continue the summary judgment proceedings in order to depose the other lifeguards who attended the "stay and play." Before defendant responded or the trial court ruled on the Civ.R. 56(F) motion, plaintiff supplemented their summary judgment motion.
 {¶ 35} In its decision and entry granting defendant's cross-motion for summary judgment and denying plaintiffs' motion for summary judgment, the trial court concluded that "additional discovery on the issue of political subdivision immunity is not necessary for the Court to reach a determination as to whether the Defendant is protected under R.C. Chapter 2744." (Dec. 19, 2006 Decision and Entry, at 1.)
 {¶ 36} Plaintiffs did not file with either Civ.R. 56(F) motion an affidavit stating sufficient reasons why they could not present by affidavit facts essential to justify their opposition to defendant's cross-motion for summary judgment and why or how the continuance or further discovery would permit them to obtain such facts. GatesMills, supra, at 169. Further, in neither motion did plaintiffs suggest how deposing the lifeguards would aid in the establishment or negation of facts relating to the legal issue of defendant's statutory immunity. Indeed, on appeal, plaintiffs concede that deposing the lifeguards was unnecessary in resolving the statutory immunity issue ("[T]his court has *Page 14 
ample evidence with the depositions that were taken to rule on the PS [political subdivision'] immunity issue."). (Plaintiff's brief, at 11.)
 {¶ 37} Plaintiffs did not sustain their burden of demonstrating that a continuance was warranted for further discovery. The trial court therefore acted within its discretion in denying plaintiffs' Civ.R. 56(F) requests to depose the lifeguards. Accordingly, the third assignment of error is overruled.
 {¶ 38} Having overruled each of defendant's three assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 BRYANT and BROWN, JJ., concur. *Page 1