WOODEN, Appellant,

v.

**KENTNER et al., Appellees.**

[Cite as *Wooden v. Kentner*, 153 Ohio App.3d 24, 2003-Ohio-2695.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–907.

Decided May 27, 2003.

Thomas W. Wooden, pro se.

Ron O'Brien, Franklin County Prosecuting Attorney, and Jeffrey L. Glasgow, Assistant Prosecuting Attorney, for appellees.

---

PEGGY BRYANT, Judge.

{¶ 1} Plaintiff-appellant, Thomas W. Wooden, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion to dismiss of defendants-appellees, David L. Kentner, Judith M. Stevenson, and the Office of the Franklin County Public Defender ("FCPD"). Plaintiff assigns a single error:

{¶ 2} "Trial court abused its discretion and committed reversible error by dismissing plaintiff's malpractice claim." Because the trial court properly granted defendants' motion to dismiss, we affirm.

{¶ 3} On February 19, 2002, plaintiff filed a 106–paragraph complaint in the Franklin County Court of Common Pleas against defendants. Distilled to its essence, plaintiff's complaint alleges that plaintiff was charged in the Franklin County Court of Common Pleas with two counts of rape. Defendant Kentner, an attorney in FCPD's office, was assigned to represent plaintiff. Pursuant to that representation, plaintiff entered a guilty plea to two counts of corruption of a minor. The trial court sentenced plaintiff to a four-year term of incarceration. Contending that he has no prior felony record and is innocent of the charges, plaintiff alleges that he pled guilty only because of defendants' negligence and malpractice.

{¶ 4} Plaintiff delineates defendants' negligence to include failure to research the law and apply it, failure to properly challenge issues of fact and conclusions of law during the plea and sentencing, failure to preserve plaintiff's appellate rights, failure to note penalties and elements of the offenses and to properly mitigate the charges, failure to advise that corruption of a minor is not a lesser included offense of rape, failure to challenge the state's breach of the plea agreement, failure to follow plaintiff's reasonable instructions to file a motion for reconsideration of the trial court's decision overruling plaintiff's motion for shock probation, failure to seek records and to investigate, and failure to subpoena witnesses.

{¶ 5} Defendants filed a motion to dismiss, with the motion noting that defendant Stevenson was deceased at the time plaintiff filed his complaint. Defendants' motion was premised on two bases: statute of limitations and immunity. Following the parties' full briefing of the motion, the trial court, on July 19, 2002, granted defendants' motion and entered judgment for defendants on plaintiff's complaint. In his single assignment of error on appeal, plaintiff contends that the trial court erred in granting defendants' motion to dismiss.

{¶ 6} "When reviewing a judgment granting a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim, an appellate court must independently review the

complaint to determine if dismissal is appropriate. * * * The appellate court need not defer to the trial court's decision in Civ.R. 12(B)(6) cases. * * * Dismissal of a claim for failure to state a claim upon which relief may be granted is appropriate only where it appears beyond a doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. * * * In construing a complaint on a motion to dismiss pursuant to Civ.R. 12(B)(6), a court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party." *Gleason v. Ohio Army Natl. Guard* (2001), 142 Ohio App.3d 697, 700, 756 N.E.2d 1243.

{¶ 7} In his complaint, plaintiff named as defendants both FCPD, as well as individuals within that office. In assessing the merits of FCPD's motion to dismiss, the Franklin County Court of Common Pleas focused strictly on the immunity issue; we do likewise. Former R.C. 2744.02(A)(1) provides that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." In turn, former R.C. 2744.01(C)(2) defines a governmental function to include the "provision of public defender services by a county or joint county public defender's office pursuant to Chapter 120. of the Revised Code." Because, in providing public defender services pursuant to R.C. Chapter 120, FCPD is engaged in a governmental function, it is immune from liability unless an exception to the general grant of immunity exists. See, generally, R.C. 120.15 et seq. (county public defenders).

{¶ 8} Despite the general grant of immunity under former R.C. 2744.02(A), former R.C. 2744.02(B) subjects a political subdivision to liability in damages under certain circumstances. Former R.C. 2744.02(B)(4) ("R.C. 2744.02[B][4]"), pertinent to plaintiff's action, provides that political subdivisions are liable for loss to persons "that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in R.C. 2921.01 of the Revised Code."

{¶ 9} Very recently, and subsequent to the trial court's decision, the Supreme Court, in *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, interpreted R.C. 2744.02(B)(4) and held that "the exception to political-subdivision immunity in R.C. 2744.02(B)(4) applies tô all cases where an injury resulting from the negligence of an employee of a political subdivision occurs within or on the grounds of buildings that are used in

connection with the performance of a governmental function. The exception is not confined to injury resulting from physical defects or negligent use of grounds or buildings. Since the injuries claimed by plaintiffs were caused by negligence occurring on the grounds of a building used in connection with a government function, R.C. 2744.02(B)(4) applies and the board is not immune from liability." Id. at ¶ 18. While the legislature subsequently revised R.C. 2744.02(B)(4) to limit liability to those instances where physical defects in the building cause a person's loss, plaintiff's complaint here was filed prior to those amendments. Because plaintiff's complaint arguably may be construed to allege a loss to plaintiff arising from the negligence of FCPD, through its employees on the courthouse grounds, FCPD is not immune from liability unless one of the defenses to liability set forth in former R.C. 2744.03(A) applies.

{¶ 10} Former R.C. 2744.03(A)(3) ("R.C. 2744.03[A][3]") provides that "[t]he political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee." Here, FCPD's employees, in representing plaintiff, necessarily were engaged in conduct that granted them discretion in carrying out the duties and responsibilities of the office. Attorneys must have the discretion to determine the appropriate measures to be taken in defense of a client. See *Lager v. Pittman* (2000), 140 Ohio App.3d 227, 232, 746 N.E.2d 1199 (referring to a county public defender's discretion to decide when to perform a financial investigation); cf. *Mosely v. Dayton City School Dist.* (July 6, 1989), Montgomery App. No. 11336, 1989 WL 73988 (holding that the method in which a teacher conducts a physical education class was within the exercise of his judgment or discretion); *Cook v. Hubbard Exempted Village Bd. of Edn.* (1996), 116 Ohio App.3d 564, 570, 688 N.E.2d 1058 (concluding that the principal, who "is in charge of the day-to-day operations of Hubbard High School * * * has the obligation to maintain order and ensure a proper learning environment for his students. To this end, [the principal] must have discretion to take action that he deems necessary to resolve situations that arise at the school"). As a result, even if the exception to immunity in R.C. 2744.02(B)(4) applies, FCPD has a defense and resulting immunity under R.C. 2744.03(A)(3).

{¶ 11} Under the analysis employed in *Wooton v. Vogele* (2001), 147 Ohio App.3d 216, 222, 769 N.E.2d 889, appeal not allowed, 95 Ohio St.3d 1437, 2002-Ohio-2084, 766 N.E.2d 1002, because FCPD is a political subdivision engaged in the governmental function of providing public defender services for the county, its employees may be immune from liability under former R.C. 2744.03(A)(6)

("R.C. 2744.03[A][6]"), which provides that a political subdivision's employees are "immune from liability unless one of the following applies:

{¶ 12} "(a) His acts or omissions were manifestly outside the scope of his employment or official responsibilities;

{¶ 13} "(b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

{¶ 14} "(c) Liability is expressly imposed upon the employee by a section of the Revised Code."

{¶ 15} Here, plaintiff does not assert that the individual defendant employees acted willfully or intentionally with the design to do injury. Nor does plaintiff allege that they acted with a dishonest purpose, moral obliquity, or conscious wrongdoing. Rather, plaintiff contends that they acted negligently. The defendant employees are immune from liability for negligent conduct and, as a result, the trial court properly concluded that plaintiff's complaint fails to state a claim for relief against Kentner or Stevenson. *Wooton*, supra; see *Musgrave v. Johnson* (Dec. 20, 1999), Knox App. No. 99–CA–9, 2000 WL 1468.

{¶ 16} Because FCPD is immune from liability pursuant to R.C. 2744.03(A)(3), and because defendant employees are immune from liability pursuant to R.C. 2744.03(A)(6), we overrule plaintiff's single assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

BOWMAN and TYACK, JJ., concur.