OPINION
{¶ 1} Plaintiff-appellant, Lenetta Summerville ("appellant"), appeals from the November 22, 2004 decision and entry of the Franklin County Court of Common Pleas, in which that court granted judgment as a matter of law to defendant-appellee, City of Columbus, Department of Recreation Parks ("the city") as to all of appellant's claims for negligence.
 {¶ 2} On July 1, 2003, appellant filed a complaint in the Franklin County Court of Common Pleas, in her individual capacity and also as the next friend of her minor son, Edwin Summerville ("Edwin"). In her complaint appellant alleges that, on or about July 2, 2001, Edwin was swimming at a swimming pool owned and operated by the city. She further alleges that Edwin "was engaged in play with a lifeguard, name unknown, when he stepped backwards unto [sic] some broken glass that was in the pool deck area." Appellant claims that Edwin "severally [sic] lacerated his left foot and sustained injuries to his left foot, specifically his left heel." (Complaint, ¶ 4.) Appellant alleges that the city was negligent in failing to keep the pool deck area "free of foreign objects and glass," and in failing to warn pool patrons of the existence of the broken glass. (Id. at ¶ 5-6.) Appellant claims that Edwin suffered severe physical harm as a result of the city's negligence, and that appellant personally suffered mental and emotional distress and loss of consortium.
 {¶ 3} In its answer, the city admitted that it owns and operates the pool that is the subject of the complaint, but denied for lack of knowledge all other allegations in the complaint. The city set up several affirmative defenses, including the defense of immunity pursuant to R.C. Chapter 2744.
 {¶ 4} On September 13, 2004, the city filed a motion for summary judgment, seeking judgment as a matter of law as to all of appellant's claims. The city argued that it is absolutely immune from liability under R.C. 2744.02(A)(1), which immunizes political subdivisions from liability for personal injuries caused by the entity's negligence in connection with any governmental function. It argued that the definition of "governmental function" that was in effect on July 2, 2001, included the maintenance and operation of a swimming pool, and that none of the five exceptions to immunity, set forth in former R.C. 2744.02(B) applied.
 {¶ 5} Through an agreed entry journalized October 20, 2004, appellant received a requested extension of time until October 27, 2004, to file her memorandum in opposition to the city's motion. She never filed her memorandum in opposition, and on November 22, 2004, the court journalized a decision and entry granting the city's motion.
 {¶ 6} Specifically, the court stated that, "Plaintiff cannot rest upon the pleadings in order to rebut a motion for summary judgment. She is under an affirmative duty to bring forth some evidence to establish at least one genuine issue of material fact that must be preserved for a jury. The Plaintiff has not opposed the motion for summary judgment and has not presented any evidence that would preclude summary judgment in favor of the Defendant." (Nov. 22, 2004 Decision and Entry.) With that, the court granted summary judgment in favor of the city.
 {¶ 7} Appellant timely appealed and asserts two assignments of error for our review, as follows:
ASSIGNMENT OF ERROR NO. 1:
The trial court erred in granting the Appellee's Motion for Summary [Judgment] because genuine issues of material fact existed.
ASSIGNMENT OF ERROR NO. 2:
The trial court erred by not ruling on Appellants' Motion for Continuance for Plaintiffs' Motion Contra to Defendant's Motion for Summary Judgment then granting Appellee's Motion for Summary Judgment.
 {¶ 8} In support of her first assignment of error, appellant argues that the trial court erroneously granted the city summary judgment solely because of a lack of response by appellant. She further argues that the city is not entitled to summary judgment because it is not immune from liability as a matter of law.
 {¶ 9} We view the trial court's grant of summary judgment independently and without deference to the trial court's determinations.Brown v. County Commrs. (1993), 87 Ohio App.3d 704, 622 N.E.2d 1153. In conducting our review, this court applies the same standard the trial court employed. Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 614 N.E.2d 765, jurisdictional motion overruled (1993), 66 Ohio St.3d 1488, 612 N.E.2d 1244.
 {¶ 10} Summary judgment should be rendered only where the evidence demonstrates that: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party. Civ. R. 56(C); State exrel. Grady v. State Employee Relations Bd. (1997), 78 Ohio St.3d 181,677 N.E.2d 343.
 {¶ 11} In summary judgment proceedings the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on the essential element(s) of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264. If the moving party fails to satisfy its initial burden, the motion must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden, outlined in Civ. R. 56(E), to set forth specific facts showing that there is a genuine issue for trial. "[I]f the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Id. at 293.
 {¶ 12} The determination as to whether a political subdivision is immune from suit is purely a question of law properly determined by a court prior to trial and preferably on a motion for summary judgment.Conley v. Shearer (1992), 64 Ohio St.3d 284, 292, 595 N.E.2d 862, citingRoe v. Hamilton Cty. Dept. of Human Serv. (1988), 53 Ohio App.3d 120,126, 560 N.E.2d 238.
 {¶ 13} Former R.C. 2744.02(A)(1) provided general or blanket immunity for political subdivisions, including cities under former R.C. 2744.01(F), in connection with their proprietary and governmental functions. The operation of a swimming pool is a governmental function. Former R.C. 2744.01(C)(2)(u). Thus, political subdivisions such as the city enjoy a blanket grant of immunity from liability for damages proximately caused by their negligence in connection with the operation of swimming pools.
 {¶ 14} Former R.C. 2744.02(B) then provided certain exceptions to this general blanket of immunity. In particular, former R.C. 2744.02(B)(3), in effect at the time that Edwin sustained his injuries, provided that a political subdivision is liable for its failure to keep public grounds open, in repair, and free from nuisance. Specifically, former R.C. 2744.02(B)(3) provided:
Except as otherwise provided in section 3746.24 of the Revised Code,political subdivisions are liable for injury, death, or loss to persons
or property caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, orpublic grounds within the political subdivisions open, in repair, andfree from nuisance * * *.
(Emphasis added.)
 {¶ 15} In turn, former R.C. 2744.02(B)(3) was expressly "subject to" further immunity found in former R.C. 2744.03. Specifically, former R.C. 2744.03 provided defenses that, if proven, would re-establish the immunity enjoyed before application of any of the former R.C. 2744.02(B) exceptions.
 {¶ 16} Appellant argues that the city's motion for summary judgment did not establish, as a matter of law, that its alleged negligence falls outside the purview of the "public grounds" exception to the blanket immunity otherwise afforded the city by virtue of former R.C. 2744.02(A)(1). In other words, appellant argues that the initial burden rested upon the city to establish, within the dictates of Civ. R. 56, that appellant's allegations did not fall within the "public grounds" exception found in former R.C. 2744.02(B)(3).
 {¶ 17} On this point, appellant is mistaken. In order to overcome sovereign immunity, once the same is established, a plaintiff must demonstrate that an exception to immunity exists. This burden rests upon the plaintiff both at trial and during summary judgment proceedings. Thus, when sovereign immunity is established by one who has moved for summary judgment, the nonmovant's responsive burden, pursuant to Civ. R. 56(E), includes the requirement that he or she demonstrate the existence of an applicable exception to sovereign immunity. In order to avoid summary judgment, then, the nonmovant must demonstrate the existence of a genuine issue of fact with respect to the applicability of one of the exceptions set forth in R.C. 2744.02(B). Wooden v. Kentner,153 Ohio App.3d 24, 2003-Ohio-2695, 790 N.E.2d 813, ¶ 15; Wooton v.Vogele (2001), 147 Ohio App.3d 216, 769 N.E.2d 889, discretionary appeal not allowed (2002), 95 Ohio St.3d 1437, 2002-Ohio-2084,766 N.E.2d 1002; Hawk v. American Elec. Power Co., 3rd Dist. No. 1-04-65, 2004-Ohio-7042, ¶ 10, discretionary appeal not allowed (2005),105 Ohio St.3d 1473, 2005-Ohio-1186, 824 N.E.2d 542, reconsideration denied (2005), 105 Ohio St.3d 1565, 2005-Ohio-2447, 828 N.E.2d 119;Schaffer v. Bd. of Cty. Commrs. of Carroll Cty. (Dec. 7, 1998), 7th
Dist. No. 672; Ross v. Trumbull Cty. (Feb. 9, 2001), 11th Dist. No. 2000-T-0025, discretionary appeal not allowed (2001), 92 Ohio St.3d 414,748 N.E.2d 547; Pavarini v. City of Macedonia (Apr. 18, 2001), 9th Dist. No. 20250; Fabrey v. McDonald Village Police Dept. (Feb. 12, 1993), 11th
Dist. No. 92-T-4691, affirmed on other grounds (1994), 70 Ohio St.3d 351,639 N.E.2d 31.
 {¶ 18} In this case, the city discharged its initial burden, pursuant to Civ. R. 56, of demonstrating that its alleged negligence occurred in the course of its performance of a governmental function, thus triggering the applicability of the blanket immunity conferred by former R.C. 2744.02(A)(1). It was then incumbent upon appellant to discharge her reciprocal burden of demonstrating that the governmental function involved fell under any specific exception found in former R.C. 2744.02(B). In failing to submit any response to the motion for summary judgment, appellant failed to discharge her burden under Civ. R. 56(E). Accordingly, because the city had demonstrated that there was no genuine issue of material fact as to whether it could be held liable even if appellant could prove the other elements of her negligence claims, the trial court correctly granted judgment as a matter of law in favor of the city. See Civ. R. 56(E).
 {¶ 19} For all of the foregoing reasons, appellant's first assignment of error is overruled.
 {¶ 20} In support of her second assignment of error, appellant argues that the trial court abused its discretion in failing to rule on her motion for an extension of time within which to file her memorandum in opposition to the city's motion for summary judgment. However, as we noted earlier, the record reveals that the court granted appellant's motion on October 20, 2004. On that date, the court journalized an agreed entry allowing appellant an extension of time until October 27, 2004 to file her response. We thus perceive no abuse of discretion and find appellant's second assignment of error to be not well-taken. Accordingly, we overrule the same.
 {¶ 21} For all of the foregoing reasons, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown, P.J., and Klatt, J., concur.