[Cite as *O'Brien v. Great Parks of Hamilton Cty.*, 2020-Ohio-6949.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ROBERT G. O'BRIEN, | : | APPEAL NO. C-190697 |
| and | : | TRIAL NO. A-1802615 |
| CHERYL O'BRIEN, | : | *O P I N I O N.* |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| GREAT PARKS OF HAMILTON COUNTY, | : | |
| | : | |
| Defendant-Appellee, | : | |
| and | : | |
| HUMANA, et al., | : | |
| Defendants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: December 30, 2020

*O'Connor, Accani & Levy*, *Dennis C. Mahoney* and *Amanda L. Patton*, for Plaintiffs-Appellants,

*Schroeder, Maundrell, Barbiere & Powers*, *Lawrence E. Barbiere*, *Kurt M. Irey* and *Sarah E. Schild*, for Defendant-Appellee.

**WINKLER, Judge**.

{¶1} Robert and Cheryl O'Brien appeal the summary judgment entered by the Hamilton County Court of Common Pleas in favor of the Great Parks of Hamilton County ("Great Parks") on the basis of immunity in a personal-injury action. Because the O'Briens failed to present facts to support an exception to the general grant of immunity, we affirm the trial court's judgment.

## I. Facts and Procedure

{¶2} Robert was golfing with two friends in May 2016 at the Miami Whitewater Forest Golf Course, a facility owned and operated by Great Parks. According to Robert's deposition, after he hit his golf ball from the tee on the fourth hole, he stood near the golf cart path waiting for his friends to take their turns. While waiting, he heard and saw Larry Vogt, a Great Parks golf course maintenance employee, pull up to the top of the hill located behind the tee box on a riding lawnmower with a "deck" in front. Vogt stopped the mower at the top of the hill and eventually turned off the engine. A short time later, when Robert was watching the golfers, he heard a friend yell "look out!" As Robert turned around, he saw the lawnmower with Vogt atop "flying down the hill" towards him. The lawnmower made contact with a golf cart before reaching Robert and "knocking" him "back onto the deck" of the mower as it traversed down the hill. At the bottom of the hill, Robert flew off the lawnmower and into the weeds, injuring his shoulder.

{¶3} Robert recalled that after the incident Vogt had driven the lawnmower to the "club house" of the golf course and repeatedly said, "I'm sorry I ran you over." Vogt made no other statements to Robert.

{¶4} The Ranger Department for Great Parks completed an incident report after the accident, but that report was not made part of the trial court's record. Great Parks's

2

Risk Manager, Dave Bruce, investigated the accident. During his deposition, Bruce revealed that the lawnmower was inspected after the accident, but that inspection did not reveal the cause of the accident. Bruce also noted that the lawnmower showed "damage" after the accident and he was not sure whether that "damage" was caused during the accident. Although Bruce was not aware of the maintenance history for the lawnmower, John Zinser, Great Parks's golf course mechanic who serviced the lawnmower at regular operation intervals and on a regular basis, was aware of the history. Zinser averred that the mower had "no mechanical problems or condition issues beyond normal wear and tear before the accident."

{¶5} The O'Briens filed a complaint against Great Parks asserting a claim for negligence and a derivative claim for loss of consortium. The complaint did not contain an allegation that an exception to political subdivision immunity applied. Great Parks filed a motion for summary judgment asserting, among other things, statutory immunity pursuant to R.C. Chapter 2744, the Political Subdivision Tort Liability Act. In opposition to the summary-judgment motion, the O'Briens argued the general grant of immunity undisputedly afforded Great Parks was removed because the claims fell within the exception to immunity as set forth in R.C. 2744.02(B)(4). They additionally argued that none of the statutory defenses applied to reinstate immunity. After briefing, the trial court agreed with Great Parks's contention that R.C. 2744.02(B)(4) did not apply to remove Great Parks's immunity and granted summary judgment in Great Parks's favor.

## II. Assignment of Error

{¶6} In their sole assignment of error, the O'Briens argue the trial court erred by granting summary judgment in favor of Great Parks because a genuine issue of fact exists

3

regarding the entitlement to immunity. We review the grant of summary judgment de novo, applying the standards set forth in Civ.R. 56(C).

{¶7} Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088. While the court must view the record in the light most favorable to the party opposing summary judgment, and resolve all doubts in that party's favor, summary judgment should be used to terminate litigation when, as a matter of law, it appears that it would be impossible for the party responding to the motion to produce evidence at trial warranting a judgment in that party's favor against the movant. *See id.* at ¶ 16.

A. Political Subdivision Immunity

{¶8} The trial court granted summary judgment to Great Parks on the basis of immunity. Under the Political Subdivision Tort Liability Act, political subdivisions of Ohio are generally immune from liability for tort claims connected with a governmental or proprietary function. R.C. 2744.02(A)(1). This broad grant of immunity is subject to several exceptions, which are listed under R.C. 2744.02(B). If one of the R.C. 2744.02(B) exceptions applies, a political subdivision may still have a defense under R.C. 2744.03. *See Kurz v. Great Parks of Hamilton Cty.*, 2016-Ohio-2909, 65 N.E.3d 96, ¶ 10 (1st Dist.); *R.K. v. Little Miami Golf Ctr.*, 2013-Ohio-4939, 1 N.E.3d 833, ¶ 8 (1st Dist.).

{¶9} To begin, the O'Briens do not dispute that Great Parks established that it is a political subdivision and its alleged negligence occurred in the course of its performance of a governmental function, thus triggering the applicability of the general immunity conferred under R.C. 2744.02(A)(1). *See* R.C. 2744.01(C)(2)(u)(v); *R.K.* at ¶ 13-14.

4

{¶10} In its motion for summary judgment, Great Parks also explained that the O'Briens had failed to assert in the complaint a specific statutory exception that could render Great Parks liable for the claimed negligence. Because the O'Briens had referred to "defective equipment" in the complaint, Great Parks addressed the applicability of the physical-defect exception of R.C. 2744.02(B)(4). After citing testimony found in Robert's and Great Parks's risk manager's depositions, which Great Parks filed with the court, Great Parks concluded that the physical-defect exception could not apply to remove immunity.

{¶11} Because Great Parks established the general grant of immunity for the alleged negligence, and the O'Briens did not specifically plead any statutory exception to that immunity as part of their negligence claim, the O'Briens arguably had the burden of demonstrating the existence of an applicable R.C. 2744.02(B) exception to immunity. *See Summerville v. Columbus,* 10th Dist. Franklin No. 04AP-1288, 2005-Ohio-5158, ¶ 17-18. Even if the O'Briens had a lesser burden, limited to identifying the exception they sought to proceed upon, Great Parks pointed to evidence affirmatively demonstrating that the O'Briens could not prevail on the physical-defect exception. Thus, in this case, to avoid summary judgment, the O'Briens had to show a genuine issue of fact remained to be tried with respect to the identified exception to immunity by pointing to specific facts in the record, in accordance with Civ. R. 56(E).

{¶12} The O'Briens maintain that the physical-defect exception of R.C. 2744.02(B)(4) applies to reinstate their claims. Additionally, for the first time, they argue that the motor-vehicle exception of R.C. 2744.02(B)(1) also applies.

### 1. Physical-Defect Exception to Immunity

**{¶13}** The physical-defect exception to immunity abrogates the general grant of immunity afforded political subdivisions engaged in a governmental activity only if an injury, death, or loss "(1) resulted from employee negligence, (2) occurred within or on the grounds of buildings used in connection with a governmental function, and (3) resulted from a physical defect within or on the grounds of buildings used in connection with a governmental function." *R.K.,* 2013-Ohio-4939, 1 N.E.3d 833, at ¶ 15. The injured party must establish *all three* circumstances to defeat the immunity afforded the political subdivision under the first step of the immunity analysis.

### A. Location Requirement

**{¶14}** We start our analysis by addressing the second requirement of the physical-defect exception. The physical-defect exception does not apply unless the alleged injury occurs at a specified location: within or on the grounds of a building used in a governmental function. R.C. 2744.02(B)(4). The O'Briens presented evidence that Great Parks performs the governmental function of operating and maintaining the Miami Whitewater Forest Golf Course out of a "clubhouse" building on the golf course and that Robert had suffered an injury on the golf course.

**{¶15}** This court has already held that an injury occurring on the golf course of a Great Parks "golf center" occurs on the grounds of a building used in the governmental function of operating a golf course. *R.K.* at ¶ 28. The "clubhouse" referred to in this case is equivalent to the "golf center" in *R.K.*—the place where the pro shop is located and golf fees are paid. *See id.* Because the O'Briens presented evidence of an injury occurring near the teeing area on the fourth hole of the golf

6

course, which is within or on the grounds of the Miami Whitewater Forest Golf Course clubhouse, they satisfied the second requirement of the physical-defect exception when responding to the motion for summary judgment.

## B. Physical-Defect Requirement

{¶16} The third requirement of the physical-defect exception focuses on the cause of the injury at the requisite location. The statute removes immunity for negligence at the requisite location only when "the injury is due to physical defects within or on the grounds of a building" used in a governmental function. *See* R.C. 2744.02(B)(4); *Dornal v. Cincinnati Metro. Hous. Auth.*, 1st Dist. Hamilton No. C-100172, 2010-Ohio-6236, ¶ 10-11.

### i. "Within or On" not "Of"

{¶17} Great Parks takes the position that the statute requires a defect in a static object that is confined or installed in the requisite building or the grounds of such a building. To accept the position of Great Parks, however, we would have to rewrite the statute to read "the injury is due to physical defects of a building used in a governmental function or of the grounds of that building," essentially removing "within or on" and replacing it with "of." If the language of a statute is clear and unambiguous, a court must apply the statute as written without making "additions" or "subtractions" from the language used. *See Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, ¶ 14; *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 52. Here, the statute is not ambiguous in this regard, so we apply it as written.

{¶18} Moreover, at least one court has held that a physical defect in a transient object such a lawnmower, located on the grounds of a building used in a

governmental function, and that results in an injury, can satisfy the third requirement of the physical-defect exception. *See DeMartino v. Poland Local School Dist.*, 7th Dist. Mahoning No. 10MA19, 2011-Ohio-1466. Thus, we hold that the lawnmower at issue in this case, though transient, could satisfy the physical-defect requirement for the exception.

### ii. Evidence of Physical Defect

{¶19} Next we address what is meant by the requirement of a "physical defect," a term not defined by statute. This court has defined the term "physical defect" as "a perceivable imperfection that diminishes the worth or utility of the object at issue." *R.K.*, 2013-Ohio-4939, 1 N.E.3d 833, at ¶ 16, following *Leasure v. Adena Local School Dist.*, 2012-Ohio-3071, 973 N.E.2d 810, ¶ 19 (4th Dist.); *Duncan v. Cuyahoga Community College*, 2012-Ohio-1949, 970 N.E.2d 1092, ¶ 26 (8th Dist.); *Gibbs v. Columbus Metro. Hous. Auth.*, 10th Dist. Franklin No. 11AP-711, 2012-Ohio-2271, ¶ 13; *Hamrick v. Bryan City School Dist.*, 6th Dist. Williams No. WM-10-014, 2011-Ohio-2572, ¶ 28.

{¶20} In responding to the summary-judgment motion, the O'Briens argued the lawnmower's brakes were faulty and thus constituted a physical defect. In support of this contention, they cited deposition testimony from the risk manager for Great Parks, who acknowledged that "damage" to the lawnmower was discovered after the accident. The risk manager's testimony, however, did not disclose any information about the "damage" observed on the lawnmower, which undisputedly struck a golf cart before it reached Robert. Further, Great Parks refuted any inference of defective brakes by submitting the unchallenged affidavit of the maintenance mechanic at the golf course who stated the lawnmower did not have

any mechanical problems or condition issues before the accident. The risk manager's testimony, therefore, does not create a material issue of fact with respect to a physical defect and does not preclude summary judgment in this case.

{¶21} The O'Briens additionally argued the record contained evidence that the golf course maintenance employee involved in the accident "admitted" the brakes on the lawnmower were not working that day. But this admission is found nowhere in the record. Robert did not testify that this statement was made to him, and the record contains no deposition testimony or averments by the golf course maintenance employee. Finally, Robert's own testimony indicating that the golf course maintenance employee had stopped the lawnmower atop the hill just before the accident further undermines the argument that the brakes were faulty. When this evidence is viewed in the light most favorable to the O'Briens, no reasonable trier of fact could determine that Robert's injury was the result of faulty brakes.

{¶22} The O'Briens now suggest that the golf course maintenance employee's failure to use a properly working brake could be a physical defect under the exception. The O'Briens did not present this discrete argument in the trial court. They did argue, however, that a physical defect could be manmade, citing *DeMartino*, 7th Dist. Mahoning No. 10MA19, 2011-Ohio-1466.

{¶23} In *DeMartino*, a student in a marching band was injured when a lawn tractor, allegedly operated by a school employee without a required discharge chute, ejected a metal object that hit the student in the head. *Id.* at ¶ 3-6. The court found the plaintiff's allegations met the physical-defect requirement. *Id.* at ¶ 31.

{¶24} The O'Briens' reliance on *DeMartino* is misplaced, however, because in *DeMartino*, the allegation was that the employee had improperly assembled the

9

lawn tractor. *See id.* at ¶ 3-5. That act had resulted in a tangible condition in the structure of the machine that diminished its worth and utility. In this case, the O'Briens assert that the golf course maintenance employee failed to properly use the brakes of the fully operational lawnmower, not that the lawnmower was improperly assembled.

{¶25} An employee's "[m]ethod or 'use' is not a 'physical defect' for purposes of [the physical-defect] exception." *Shields v. Plummer*, 10th Dist. Franklin No. 20AP-214, 2020-Ohio-5449, ¶ 20. The physical-defect exception to statutory immunity for political subdivisions performing a governmental function does not apply in a negligence action against the operator of a public golf course by a patron struck by a riding lawnmower on the golf course, absent some evidence that the lawnmower was broken or improperly assembled such that the worth or utility of the lawnmower was diminished at the time of the incident. Thus, assuming that the O'Briens preserved the issue, we conclude that the argument is unfounded.

{¶26} Finally, the O'Briens argue that because the accident has not been explained, there is a genuine issue of material fact as to what occurred, preventing summary judgment on the physical-defect issue. But the O'Briens had the reciprocal obligation under Civ.R. 56(E) to demonstrate a defect in the lawnmower and cannot rely on speculation to establish that Robert's injury was the result of a physical defect.

{¶27} Ultimately, the O'Briens failed to present evidence demonstrating that the lawnmower had a physical defect that resulted in Robert's injury.

## 2. Waiver of Motor-Vehicle Exception

{¶28} The motor-vehicle exception to the general grant of immunity conferred by R.C. 2744.02(A)(1) requires threshold proof of an injury or loss to a person or property caused by a political subdivision's employee's "negligent operation" of a "motor vehicle." R.C. 2744.02(B)(1). According to the O'Briens, a riding lawnmower should be classified as a "motor vehicle" and, therefore, the motor-vehicle exception could apply to remove immunity in this case.

{¶29} Great Parks argues the O'Briens failed to raise this issue below when opposing summary judgment and cannot raise it for the first time on appeal. In their reply brief, the O'Briens contend waiver is not warranted because they raised the issue at oral argument on the summary-judgment motion. The record, however, does not contain a transcript from that hearing to confirm this disputed contention, and the record we do have, including the complaint and the memorandum opposing summary judgment, contains no reference to the motor-vehicle exception. It is well settled that a party cannot raise issues for the first time on appeal. *See, e.g., U.S. Bank Natl. Assoc. v. Broadnax,* 1st Dist. Hamilton No. C-180650, 2019-Ohio-5212, ¶ 13; *Midwestern Indemn. Co. v. Video Features, Inc.*, 1st Dist. Hamilton No. C-930401, 1994 WL 603152 (Nov. 2, 1994). This is particularly true of exceptions to immunity.

{¶30} To allow the O'Briens to raise this issue now undermines the policy of determining the issue of immunity at the earliest opportunity. *See Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, 943 N.E.2d 522, ¶ 39; *Hahn v. Groveport*, 10th Dist. Franklin No. 07AP-27, 2007-Ohio-5559, ¶ 12; *Columbus*, Franklin App. No. 04AP-1288, 2005-Ohio-5158, at ¶ 12, citing *Conley v. Shearer*, 64 Ohio St.3d 284, 292,

595 N.E.2d 862 (1992), citing *Roe v. Hamilton Cty. Dept. of Human Serv.*, 53 Ohio App.3d 120, 126, 560 N.E.2d 238 (1st Dist.1988).

**{¶31}** Moreover, even on appeal, the O'Briens do not address the other requirements of the motor-vehicle exception in the context of this case, including the requirement that an employee was "operating" the motor vehicle.

**{¶32}** We hold the O'Briens' failure to raise the issue of the motor-vehicle exception when opposing summary judgment on the basis of immunity constitutes a waiver of this issue on appeal.

### III. Conclusion

**{¶33}** Great Parks met its burden of demonstrating that it was entitled to the general grant of immunity afforded a political subdivision under R.C. 2744.02(A)(1), and the O'Briens failed to point to facts in the record showing they could prevail at a trial on the issue of an exception to that immunity. Consequently, we conclude that the trial court properly granted summary judgment in favor of Great Parks on the basis of immunity. Therefore, we overrule the O'Briens' assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**MOCK, P.J.,** and **ZAYAS, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.