[Cite as *Bridgecreek Condominium Assn., Inc. v. Robinson*, 2021-Ohio-1042.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

BRIDGECREEK CONDOMINIUM ASSOCATION, INC.,     :      APPEAL NO. C-200059
                                         TRIAL NO. A-1902313

       : 

      Plaintiff-Appellee,

       : 

   vs.                                           *O P I N I O N.*

       : 

DORIS ROBINSON,

      Defendant-Appellant.        : 

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  March 31, 2021

*Cuni, Ferguson & LeVay Co., L.P.A., Amy Schott Ferguson* and *Jonathan J. Hartman*, for Plaintiff-Appellee,

*Doris Robinson*, pro se.

**WINKLER, Judge.**

{¶1} Defendant-appellant Doris Robinson appeals the judgment of foreclosure entered in favor of plaintiff-appellee Bridgecreek Condominium Association, Inc., ("Bridgecreek"). Because we determine that Bridgecreek did not have the authority to assess unit owners like Robinson for trash removal, Robinson did not wrongfully withhold part of her assessment from Bridgecreek. The trial court erred in granting summary judgment, and we reverse.

## Background

{¶2} Robinson owns a condominium unit in Bridgecreek. In 2016, Robinson began withholding $11.50 per month of her annual condominium assessment, because she disagreed with Bridgecreek's decision to assess unit owners for trash removal. Bridgecreek placed a lien on Robinson's property, and then filed the instant foreclosure complaint. Bridgecreek's complaint alleged that, pursuant to Bridgecreek's declarations (the "Declarations"), Robinson owed past due assessments and late fees. Bridgecreek filed a motion for summary judgment. Notably, Bridgecreek did not mention any specific Declarations or bylaws that Robinson had allegedly failed to follow. Instead, Bridgecreek simply asserted that Robinson failed to pay her "entire" assessment.

{¶3} Robinson, through counsel, filed a motion in opposition, which explained her position that Bridgecreek lacked authority to assess unit owners for trash removal under the current Declarations, and that the Declarations had never been amended, nor had a special assessment ever been conducted. Robinson explained that she had paid her assessment timely, except for the $11.50 per month for trash removal. In its reply, Bridgecreek in essence admitted to all of the facts set

forth by Robinson. The only dispute was Bridgecreek's authority to assess its unit owners for trash removal.

{¶4} The magistrate ruled in favor of Bridgecreek, and Robinson filed objections. Robinson again objected to Bridgecreek's authority to assess unit owners for trash removal. The trial court overruled Robinson's objections and entered a foreclosure judgment. Robinson filed the instant notice of appeal, and also a motion to stay the foreclosure judgment. The trial court granted Robinson's motion to stay, on the condition that she post a $9,000 supersedeas bond, which she then posted.

{¶5} Robinson appeals.

**Summary Judgment**

{¶6} Robinson sets forth two assignments of error, both of which assert that the trial court erred in granting summary judgment. Robinson's first assignment of error asserts that the trial court erred in granting summary judgment because Bridgecreek's assessment and subsequent lien were illegal. Robinson's second assignment of error asserts that the trial court erred in granting summary judgment because of Bridgecreek's breach of contract and breach of fiduciary duty.

{¶7} This court reviews the grant of summary judgment de novo. *O'Brien v. Great Parks of Hamilton Cty.*, 1st Dist. Hamilton No. C-190697, 2020-Ohio-6949, ¶ 6. Summary judgment is proper under Civ.R. 56(C) when no genuine issues of material fact remain, the moving party is entitled to judgment as a matter of law, and construing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion based on the evidence, which is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

**Legal Analysis**

{¶8}    Robinson makes several arguments within her assignment of error; however, one is dispositive of her appeal.  She argues that prior to 2016, trash removal had been the responsibility of individual unit owners.  In 2016, Bridgecreek implemented a community-wide trash program and contracted with Rumpke to do so.  Bridgecreek then assessed unit owners for the Rumpke trash removal.  Robinson argues that Bridgecreek's action in assessing unit owners violated the Declarations and bylaws.

{¶9}    Condominium declarations are essentially contracts between the unit owners and the association.  *DiPenti v. Park Towers Condominium Assn.*, 10th Dist. Franklin No. 19AP-384, 2020-Ohio-4277, ¶ 21; *see* R.C. 5311.19(A) ("All unit owners * * * and the unit owners association of a condominium property shall comply with all covenants, conditions, and restrictions set forth in a deed to which they are subject or in the declaration, the bylaws, or the rules of the unit owners association, as lawfully amended.").

{¶10} Bridgecreek relied exclusively on the Declarations in arguing that Robinson wrongfully withheld part of her assessment.  The Declarations provide for "[a]nnual assessments for the maintenance and repair of the Common Elements and for the insurance, real estate taxes and assessment of the Common Elements together with the payment of Common Expenses * * *."  Article XI, Section 11.01. "Common Elements" are defined in the Declarations as "common areas and facilities" that "are not part of a Unit[.]"  Article I, Section 1.05; *see* R.C. 5311.01(F) (defining "common elements" as "[a]ll other areas, facilities, places, and structures that are not part of a unit[.]").

4

{¶11} Article I, Section 1.05(b) provides a nonexhaustive list of the following "Common Elements":

Foundations, columns, girders, beams, supports, supporting walls, roofing, wiring, pipe lines, halls, corridors, paved stoops, lobbys (sic), common stairways, porches, antenna systems, sprinkler systems, fire escapes and common entrances and exits of all buildings;

Yards, gardens, fences, parking areas, pipelines and storage spaces;

Installations of central services serving more than one Unit including but not limited to power, light, gas, hot and cold water, heating, refrigeration and air conditioning equipment;

Tanks, pumps, motors, fans, compressors, ducts and in general, all apparatus and installation existing for common use;

All portions of any structures and of any equipment and facilitates situated on Common Elements;

Any items such as appliances, equipment, fixtures, or other forms of personal property situated on the Common Elements and which are owned in common by the Owners;

All other parts of the Condominium Property necessary or convenient to its existence, maintenance, and safety, or normally in common use, or which have been designated as Common Elements in the Declaration or Exhibits attached thereto.

{¶12} The Declarations define "Common Expenses" as "[a]ll sums assessed against the Unit Owners by the Declarant, and/or the Association, as the case may be, for the administration, maintenance, repair, operation and replacement of the Common Elements." Article I, Section 1.06.

{¶13} As noted by Bridgecreek, the Declarations provide that the association has "control over all aspects of the method and manner by which trash, rubbish, garbage and other materials are to be removed from the premises and shall have control of the selection of the organization, agent or independent contractor to be responsible for collection and removal." Article XIII, Section 13.10. However, the issue in this case is not whether Bridgecreek can select Rumpke for trash removal, but whether Bridgecreek can assess its unit owners for the removal.

{¶14} The Declarations permit assessment for "common elements," and nothing in the Declarations indicates that trash removal is a "common element." Each unit owner has his or her own trash, which would be "part of the Unit," and not shared with other unit owners. Reinforcing this notion, both parties cite to the Bridgecreek bylaws, Article VI, Section 1, which states that "Common Expenses shall include * * * trash services for the Common Elements, but not the units * * *."

{¶15} Bridgecreek has not pointed to any record evidence that would allow it to assess its unit owners for trash removal. Because Bridgecreek failed to show that Robinson violated the Declarations in withholding a portion of her assessment related to trash removal, the trial court erred in granting summary judgment in Bridgecreek's favor. Therefore, we sustain Robinson's first assignment of error, and we decline to address her second assignment of error as moot. *See* App.R. 12(A)(1)(c).

**Conclusion**

{¶16} In conclusion, because Bridgecreek failed to prove that Robinson violated the Declarations in withholding a portion of her assessment, we hold that the trial court erred in granting summary judgment in favor of Bridgecreek on its

foreclosure complaint. We remand the matter for further proceedings consistent with this opinion and the law.

Judgment reversed and cause remanded.

**MYERS, P.J.,** and **BERGERON, J.,** concur.


Please note:
    The court has recorded its own entry this date.